UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL BROWN,<br><br>                Plaintiff,<br>    v.<br><br>LITHIA MOTORS, INC. et al.,<br><br>                Defendants. | CASE NO. 2:24-cv-01861-LK<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT |

      This matter comes before the Court on Plaintiff Michael Brown's Motion for Default Judgment. Dkt. No. 18. Mr. Brown seeks default judgment against Defendants Lithia Motors, Inc., Driveway Financial Corporation, and Lithia of Bend #2, LLC. *Id.* at 1. Mr. Brown does not seek default judgment against Defendant Driveway Motors, LLC "as their counsel has submitted an Answer on their behalf." *Id.*[1]

---

[1] In that Answer, Driveway Motors, LLC asserts that "[n]one of the other named defendants in this action have been properly served." Dkt. No. 16 at 1. While the Court expresses no opinion on the truth of that statement at this stage in the proceedings, it reminds Mr. Brown that he is not entitled to default or default judgment against any party that has not been properly served pursuant to Federal Rule of Civil Procedure 4. *See Herbalife Int'l of Am., Inc. v. Healthy1 Inc.*, 830 F. App'x 801, 803 (9th Cir. 2020) ("A default judgment is void if the defendant has not been made a party by service of process." (quotation marks and citation omitted)).

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 1

Obtaining a default judgment is a two-step process. First, the moving party must obtain an entry of default. Fed. R. Civ. P. 55(a). And second, the moving party must request a default judgment from the clerk or apply for one from the court. Fed. R. Civ. P. 55(b). The Local Civil Rules expressly provide that "[n]o motion for judgment by default should be filed against any party unless the court has previously granted a motion for default against that party pursuant to LCR 55(a) or unless default otherwise has been entered." LCR 55(b)(1).

Here, Mr. Brown has moved for an order of default judgment prior to the Court granting a motion for an entry of default, in violation of the Local Civil Rules. Accordingly, Mr. Brown's motion for default judgment is DENIED without prejudice to renew in compliance with the Federal Rules of Civil Procedure, the Local Civil Rules, and this Court's Standing Order for All Civil Cases. *See* Dkt. No. 5-1 at 6 (requiring movants seeking a default judgment to, among other things, address the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)).

Dated this 8th day of January, 2025.

Lauren King
United States District Judge