1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL BROWN,<br><br>                    Plaintiff,<br><br>        v.<br><br>LITHIA MOTORS INC. et al.,<br><br><br>                    Defendants. | CASE NO. 2:24-cv-01861-LK<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO DISQUALIFY<br>COUNSEL |

This matter comes before the Court on Plaintiff Michael Brown's Motion to Disqualify Counsel for Perjury. Dkt. No. 29. Mr. Brown contends that Defendants' attorney made misrepresentations in filings, and he requests that the Court consequently disqualify her from representing Defendants, "[r]efer the matter to the Washington State Bar Association for investigation and disciplinary action under RPC 8.4," and award other relief as appropriate. *Id.* at 1, 5–6. For the reasons set forth below, the Court denies the motion.

1

## I.    BACKGROUND

2      Mr. Brown filed this matter in November 2024, then filed an amended complaint on

3  December 8, 2024 to correct the name of one of the Defendants. Dkt. Nos. 1, 10. He asserts the

4  following claims arising out of his attempt to purchase a Jeep Grand Wagoneer: breach of contract

5  and the covenant of good faith and fair dealing; discrimination under the Equal Credit Opportunity

6  Act and Consumer Credit Protection Act; unlawful denial of credit; unfair and deceptive business

7  practices; unauthorized use of credit; breach of contract of the arbitration agreement; intentional,

8  negligent, and reckless breach of fiduciary duty; conversion; and identity theft. Dkt. No. 10 at 3,

9  8–15.

10     Mr. Brown subsequently filed a motion for default judgment, Dkt. No. 18, which the Court

11  denied because he had not previously moved for and obtained default against Defendants, Dkt.

12  No. 20. *See also* LCR 55(b)(1). Mr. Brown then filed a motion for default. Dkt. No. 21. After the

13  Court denied that motion, Dkt. No. 28, Mr. Brown filed this motion contending that Defendants'

14  counsel, Meredith Sawyer, made misrepresentations in her filings opposing the motion for default,

15  thereby violating Washington Rules of Professional Conduct ("RPC") 3.3 and 8.4, Dkt. No. 29 at

16  2, 4.[1]

17

## II.    DISCUSSION

18     This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because the Equal

19  Credit Opportunity Act, 15 U.S.C. § 1691, creates a private right of action against a creditor who

20  discriminates against an applicant. *Shiplet v. Veneman*, 620 F. Supp. 2d 1203, 1223 (D. Mont.

21  2009), *aff'd*, 383 F. App'x 667 (9th Cir. 2010).

22

23  ---

[1] Mr. Brown also contends that counsel committed perjury under 18 U.S.C. § 1621, Dkt. No. 29 at 1, 4, but as a private litigant he lacks standing to pursue a violation of a criminal statute. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)

24  ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

1  **A.    Legal Standard**

2      "Motions to disqualify counsel are generally decided under state law." *Bolding v. Banner*

3  *Bank*, No. C17-0601RSL, 2021 WL 1171988, at *1 (W.D. Wash. Mar. 29, 2021); *see also In re*

4  *Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). In Washington, "[d]isqualification of

5  counsel is a drastic remedy that exacts a harsh penalty from the parties as well as punishing

6  counsel; therefore, it should be imposed only when absolutely necessary." *Matter of Firestorm*

7  *1991*, 916 P.2d 411, 416 (Wash. 1996); *see also Aecon Bldgs., Inc. v. Zurich N. Am.*, No. C07-

8  0832MJP, 2008 WL 2940599, at *2 (W.D. Wash. July 24, 2008) ("Washington courts are reluctant

9  to disqualify an attorney absent compelling circumstances." (citing *Pub. Util. Dist. No. 1 of*

10  *Klickitat Co. v. Int'l Ins. Co.*, 881 P.2d 1020 (Wash. 1994))). This "drastic remedy" has been found

11  warranted "when counsel has access to privileged information of an opposing party," *Matter of*

12  *Firestorm 1991*, 916 P.2d at 416, or when counsel has a conflict of interest that undermines the

13  fairness of the process, *In re CellCyte Genetic Corp. Sec. Litig.*, No. C08-47RSL, 2008 WL

14  5000156, at *2–5 (W.D. Wash. Nov. 20, 2008). Ultimately, motions to disqualify counsel are

15  subject to the trial court's discretion. *Bolding*, 2021 WL 1171988, at *1.

16      Attorneys practicing in this district must abide by the "Washington Rules of Professional

17  Conduct . . . as promulgated, amended, and interpreted by the Washington State Supreme Court .

18  . . and the decisions of any court applicable thereto[.]" LCR 83.3(a). Under RPC 3.3(a), a lawyer

19  must not "knowingly[] make a false statement of fact or law to a tribunal or fail to correct a false

20  statement of material fact or law previously made to the tribunal by the lawyer[.]" Relatedly, "[i]t

21  is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit

22  or misrepresentation[.]" RPC 8.4(c). The Court has the authority to discipline an attorney who fails

23  to comply with the Rules of Professional Conduct, including through the assessment of fines. *See*

24  LCR 83.3(c)(3)(A), (c)(4)(F)(iii); *see also Mills v. Zeichner*, No. C23-1130-JLR, 2024 WL 37108,

at *4 (W.D. Wash. Jan. 3, 2024). In addition, an attorney who fails to comply with the Local Civil Rules, who fails to prepare for presentation to the Court, or who needlessly multiplies the proceedings in a case may be subject to sanctions as the Court may deem appropriate. LCR 11(c).

## B.    Counsel Made Inaccurate Statements, but Disqualification is Unwarranted

Mr. Brown contends that disqualification is warranted because

> Ms. Sawyer has declared under penalty of perjury, in a Declaration (Dkt. 27) attached to her Response to Motion for Default (Dkt. 26) that I, Plaintiff, never provided a "Return of Service" for Defendants Lithia Motors, Inc ("Lithia"), Driveway Finance Corporation ("DFC") and Lithia of Bend, #2, LLC ("Bend["]) (Dkt. 27, statement 3). Furthermore, Ms. Sawyer states under penalty of perjury that neither Defendants Lithia, Bend nor DFC have ever been served with a copy of the Amended Summons and Complaint (Dkt. 27, statement 5).

Dkt. No. 29 at 2. Mr. Brown contends that Ms. Sawyer's statements are demonstrably false because he served the Defendants and filed proof of service. *Id.* Defendants respond that Mr. Brown properly served only one of the Defendants, Driveway Motors, LLC, and did not serve the other three Defendants—Lithia Motors, Inc., Driveway Finance Corp., and Lithia Bend #2—with the amended summons and complaint. Dkt. No. 31 at 3.

Ms. Sawyer did not falsely state that Mr. Brown failed to serve Lithia Bend #2, Dkt. No. 27 at 2, because service must be made by someone who is "not a party," Fed. R. Civ. P. 4(c)(2), and Mr. Brown apparently served the original complaint himself, Dkt. No. 8 at 2. This is thus not a basis for disqualification. *Leishman v. Wash. Atty's Gen.'s Off.*, No. 2:20-cv-00861-RAJ, 2021 WL 3848624, at *2 (W.D. Wash. Aug. 27, 2021) (statements that are not false or are nebulous accusations of falsehoods are insufficient to support disqualification).

Ms. Sawyer stated in Defendants' response that Dkt. No. 15-1 "does not exist and is not part of the court docket." Dkt. No. 31 at 7 (emphasis removed). As Mr. Brown noted in his reply brief, that statement was untrue. Dkt. No. 33 at 2. However, this statement does not support

1    disqualification because "it was a mistake that Defendants promptly corrected" three days later.

2    *Leishman*, 2021 WL 3848624, at *2; Dkt. No. 34.

3    More troubling are the two statements Mr. Brown challenges in Ms. Sawyer's declaration

4    in opposition to the motion for default. Dkt. No. 29 at 2 (citing Dkt. No. 27 at 2). First, she stated

5    that "[a]t no time did [Mr. Brown] ever provide me with a copy of the 'Return of Service' dated

6    December 17, 2024, attached to his Affidavit in support of his Motion for Entry of Default (DKT

7    21-3)." Dkt. No. 27 at 2. However, Mr. Brown filed that document in the record on December 24,

8    2024, Dkt. No. 15-1, which was after Ms. Sawyer entered her appearance in the case, Dkt. No. 9.

9    Second, the declaration stated that "[n]either Lithia Motors, Inc., Driveway Finance Corp.,

10   or Lithia of Bend #2, LLC, nor their registered agent, has ever been served with a copy of the

11   Amended Summons and Complaint." Dkt. No. 27 at 2. That statement seems to be based on a

12   misunderstanding of the service rules, as reflected in Defendants' statement in opposition to this

13   motion that Mr. Brown had failed to serve them with the amended complaint because counsel's

14   notice of appearance "expressly except[ed] appearance on behalf of Defendants with respect to

15   service of process." Dkt. No. 31 at 3. Counsel cannot disavow what Rule 5 makes clear: an

16   amended complaint can be served on a party's attorney through the Court's electronic filing

17   system. Fed. R. Civ. P. 5(b)(1), (b)(2)(E).[2] However, the Court finds that counsel's statements

18   reflect a lack of understanding of the federal service rules rather than *knowingly* false statements

19

20   [2] If Mr. Brown had not served the original complaint in compliance with Federal Rule of Civil Procedure 4, then he
     would have to serve the amended complaint under Rule 4. *Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993,
21   995–96, 999 (9th Cir. 2007) (an amended complaint must be served as required under Rule 4 unless "the original
     complaint is properly served"). Defendants contend that Mr. Brown did not properly serve the original complaint
22   because the proofs of service "are signed by individuals who have failed to include their process service registration
     numbers and the county in which they were registered, in violation of RCW 18.180.030, thus rendering the Proofs of
23   Service invalid." Dkt. No. 31 at 6. They have not shown that the absence of that information rendered service invalid
     under Federal Rule of Civil Procedure 4. Because Defendants have not provided a valid reason why service of the
24   original complaint on Lithia Motors, Inc. and Driveway Finance Corp. was ineffective, Mr. Brown was entitled to
     serve them with the amended complaint pursuant to Rule 5.

or misrepresentations. As such, they do not violate RPCs 3.3 and 8.4 or militate in favor of disqualification.

This is not Defendants' only misstep. They have requested that the Court impose sanctions against Mr. Brown, Dkt. No. 31 at 9–10, but requesting relief through a response brief is improper. The applicable rules of procedure state that "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1); *see also* LCR 7(b)(1); *Sergeant v. Bank of Am., N.A.*, No. C17-5232-BHS, 2018 WL 1427345, at *1 n.2 (W.D. Wash. Mar. 22, 2018) ("[R]equests for affirmative relief must be made in a motion, not in the response[.]"). The Court thus denies Defendants' request for sanctions.

Although counsel's conduct as outlined in this Order does not warrant the drastic sanction of disqualification, it falls below the level of care, accuracy, and compliance with applicable rules that the Court expects from attorneys practicing before it. The Court cautions counsel that parties appearing before the Court are expected to be familiar with and abide by all Court rules and to take care to ensure that all filings are accurate. *See, e.g.*, LCR 7(m) ("Parties are expected to file accurate, complete documents[.]"); LCR 83.3(a). Further noncompliance with Court rules or inaccuracies in filings may result in the imposition of sanctions and/or the striking of noncompliant filings.

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff Michael Brown's Motion to Disqualify Counsel for Perjury. Dkt. No. 29.

Dated this 9th day of April 2025.

Lauren King
United States District Judge