1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

MICHAEL BROWN,

               Plaintiff,

    v.

LITHIA MOTORS INC., et al.,


               Defendants.

CASE NO. 2:24-cv-01861-LK

ORDER DENYING MOTION TO
DEEM MATTERS ADMITTED

11
12
13
14
15
16
17
18
19

     This matter comes before the Court Plaintiff Michael Brown's Motion to Determine Sufficiency of Defendants' Responses to Requests for Admission and to Deem Matters Admitted Pursuant to FRCP 36(a)(6). Dkt. No. 38. For the reasons set forth below, the Court denies the motion.

## I.    BACKGROUND

     Mr. Brown filed this matter in November 2024, then filed an amended complaint on December 8, 2024 to correct the name of one of the Defendants. Dkt. Nos. 1, 10. He has named as Defendants Lithia Motors, Inc.; Driveway Finance Corporation; Lithia of Bend #2 LLC; and

20
21
22
23
24

Driveway Motors, LLC. Dkt. No. 10 at 1–2. He asserts the following claims arising out of his attempt to purchase a Jeep Grand Wagoneer: breach of contract and the covenant of good faith and fair dealing; discrimination under the Equal Credit Opportunity Act and Consumer Credit Protection Act; unlawful denial of credit; unfair and deceptive business practices; unauthorized use of credit; breach of contract of the arbitration agreement; intentional, negligent, and reckless breach of fiduciary duty; conversion; and identity theft. Dkt. No. 10 at 3, 8–15.

On or about March 13, 2025, Mr. Brown served his First Set of Requests for Admission on all Defendants; each set included 81 requests. Dkt. No. 38-2 at 1; Dkt. No. 40 at 2. Defendants served their responses on April 14, 2025. Dkt. No. 38-2 at 2; *see also* Dkt. No. 38-1 at 51–190. Mr. Brown concluded that Defendants' responses were insufficient and requested to meet and confer with defense counsel. Dkt. No. 38-2 at 2. The parties met and conferred by phone regarding the responses on April 18, 2025, as discussed further below. *Id.*; Dkt. No. 40 at 3.

## II.    DISCUSSION

### A.    Meet and Confer

A motion to compel disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* LCR 37(a)(1). The meet and confer requirement applies to Rule 36 motions to challenge the sufficiency of responses. 8B Wright, Miller, & Marcus, *Federal Practice and Procedure* § 2263 (3d ed. 2025).

Here, the scope of the conference was limited. Mr. Brown objected that all of Defendants' responses included "boilerplate" objections, and "[t]he only specific RFA response that plaintiff identified []as improper was [Lithia Motors'] objection and response to RFA No.1." Dkt. No. 40 at 3. Mr. Brown did not file a reply in support of this motion or otherwise dispute Defendants'

description of the meet and confer, and the parties' post–call emails confirm that the parties only

specifically discussed Mr. Brown's concern about boilerplate objections and Lithia Motors'

response to RFA No. 1. *See* Dkt. No. 38-1 at 196–97. The Court thus focuses on the only issues

the parties properly conferred about: Defendants' use of boilerplate objections and Lithia Motors'

response to RFA No. 1.[1]

## B.    Legal Standard

"A party may serve on any other party a written request to admit . . . the truth of any matters

within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions

about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

Requests for admission are not intended to obtain discovery, but to "narrow the issues for trial."

*Choquette v. Warner*, No. 3:15-CV-05838-BHS-JRC, 2017 WL 2671263, at *1 (W.D. Wash. June

21, 2017) (citing *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 443 (C.D. Cal. 1998)); *see also Asea,*

*Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) ("The purpose of Rule 36(a) is to

expedite trial by establishing certain material facts as true and thus narrowing the range of issues

for trial.").

Rule 36 provides that "[i]f a matter is not admitted, the answer must specifically deny it or

state in detail why the answering party cannot truthfully admit or deny it" and that "[a] denial must

fairly respond to the substance of the matter[.]" Fed. R. Civ. P. 36(a)(4). In addition, "[t]he grounds

for objecting to a request must be stated." Fed. R. Civ. P. 36(a)(5).

A party who propounds requests for admissions and is unsatisfied with the responses "may

move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). "Unless

---

[1] The Court reminds Mr. Brown that pro se litigants are subject to the same procedural requirements as other litigants, *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022), including compliance with the Federal Rules of Civil Procedure and Local Civil Rules.

ORDER DENYING MOTION TO DEEM MATTERS ADMITTED - 3

the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." *Id.* Deeming a matter admitted is a "severe sanction," so "the district court should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed[.]" *Asea, Inc.*, 669 F.2d at 1247.

Finally, because objections "must be stated," Fed. R. Civ. P. 36(a)(5), courts have held that "boilerplate objections do not suffice[.]" *Choquette*, 2017 WL 2671263, at *2; *see also Thompson v. Yates*, No. 1:06–cv–00763–RCC, 2011 WL 5975469, at *3 (E.D. Cal. Nov. 29, 2011) ("declin[ing] to consider objections raised in boilerplate language").

## C.     Defendants' Responses Are Sufficient

Mr. Brown contends that the responses from all four Defendants "are replete with improper boilerplate general objections," Dkt. No. 38 at 2, and urges the Court to disregard those objections, *id.* at 4–5. As further relief, he seeks an order deeming the RFAs admitted, or in the alternative, that the Court order Defendants to provide complete responses. *Id.* at 14. Defendants respond that their "General Objections" were "introductory in nature," included "for context and preservation purposes but were not relied upon as blanket objections in lieu of individualized responses." Dkt. No. 39 at 5–6.

The Court has reviewed the responses, and agrees with Defendants that rather than relying on their general objections, Defendants addressed "each RFA . . . on its own terms, with a tailored objection where warranted and a corresponding response on the merits, consistent with the specificity requirement under FRCP 36(a)(5)." *Id.* at 6; *see also* Dkt. No. 38-1 at 52–84 (Driveway Motors, LLC's general objections and responses); *id.* at 87–119 (Lithia Motors' general objections and responses); *id.* at 122–55 (Driveway Finance Corporation's general objections and responses); *id.* at 158–89 (Lithia of Bend #2 LLC's general objections and responses). Consequently,

1    Defendants' inclusion of general objections does not show that their responses to each specific

2    RFA are deficient or justify deeming matters admitted. Fed. R. Civ. P. 36(a)(4), (5).

3           Turning to the sufficiency of Lithia Motors' response to RFA No. 1, that request states,

4    "Admit that the Delivery Agreement is signed by someone from Driveway Fi as the Dealer

5    Representative." Dkt. No. 38-1 at 90. Lithia Motors responded,

6           Defendant Lithia objects to this request on the grounds that it is not properly
           directed to Lithia and concerns matters about which Lithia does not have first-hand
7           knowledge. Defendant Lithia further objects on the grounds the request calls for a
           legal conclusion. To the extent a response is required, Defendant Lith[i]a denies.
8
     *Id.* In evaluating the sufficiency of Lithia Motors' response, the Court does not consider its general

9    objections. *See Choquette*, 2017 WL 2671263, at *2; *Thompson*, 2011 WL 5975469, at *3.

10          Because Lithia Motors answered RFA No. 1, "the first inquiry is whether the answers

11   comply with Rule 36(a)(4)." *Nomadix, Inc. v. Guest-Tek Interactive Ent. Ltd.*, No. CV 16-8033

12   AB (FFMx), 2019 WL 7205895, at *2 (C.D. Cal. Aug. 26, 2019) (denying motion to compel when

13   RFA responses complied with Rule 36). Here, Mr. Brown complains about Defendants' objection

14   on the basis of lack of knowledge because their answers do "not state that a 'reasonable inquiry'

15   was made, nor do they detail the steps taken." Dkt. No. 38 at 7. However, Lithia Motors was not

16   required to so state because its answer does not cite lack of knowledge "as a reason for failing to

17   admit or deny." Fed. R. Civ. P. 36(a)(4); *see also Asea, Inc.*, 669 F.2d at 1246. Its answer is thus

18   not deficient on that basis.[2] In addition, "a denial is a perfectly reasonable response" to an RFA,

19   *Lee v. Lee*, No. CV 19-8814 JAK (PVCx), 2021 WL 4462337, at *8 (C.D. Cal. Jan. 29, 2021)

20   (quoting *United Coal Cos. v. Powell Const. Co.*, 839 F.2d 958, 967 (3d Cir. 1988)), and the Court

21

22   _____

23   [2] The flipside of this coin, though, is that because Lithia Motors' answer did not state that it made reasonable inquiry,
     Fed. R. Civ. P. 36(a)(4), it cannot rely on lack of knowledge or information as the basis for its denial. *See, e.g.*,
     *Hawthorne v. Bennington*, No. 3:16-CV-00235-RCJ-CLB, 2020 WL 3884426, at *4 (D. Nev. July 8, 2020)
24   (explaining that a party cannot "evade the reasonable inquiry requirement merely by including an explicit denial based
     on lack of knowledge").

ORDER DENYING MOTION TO DEEM MATTERS ADMITTED - 5

does not "assess the accuracy" of that response, *Daniels v. G4S Secure Solutions USA, Inc.*, No. 8:20-cv-00283-JGB (JDEx), 2021 WL 3742039, at *3 (C.D. Cal. Jan. 4, 2021). Lithia Motors' answer to this RFA is therefore sufficient.

Mr. Brown also contends that Lithia Motors improperly objected that RFA No. 1 calls for a legal conclusion, even though Rule 36 allows requests to admit "the application of law to fact." Dkt. No. 38 at 5 (quoting Fed. R. Civ. P. 36(a)(1)(A)). A party "may ask the Court to determine the sufficiency of an objection to a request for admission, but the result of that determination is either a ruling that the objection is justified or an order directing Defendant to answer." *Cole v. Oak Ridge Associated Univs., Inc.*, No. 15-00103 LEK-RLP, 2015 WL 13811826, at *3 (D. Haw. Dec. 11, 2015). Thus, even if the objection was insufficient, Mr. Brown's requested remedy—to deem the RFAs admitted—is not available under these circumstances. Moreover, because Lithia Motors has already answered, there is no need to order a further answer. *See, e.g.*, *Bair v. Snohomish Cnty.*, No. 2:19-cv-00998-BJR, 2020 WL 2838599, at *1–2 (W.D. Wash. June 1, 2020) (denying plaintiff's motion to determine sufficiency of answers when defendant responded with general objections along with specific objections and a response to an RFA). Nor is it possible on the current record for the Court to determine the propriety of Lithia Motors' legal conclusion objection because the parties did not include information about whether they met and conferred about that issue, *see generally* Dkt. Nos. 38-2, 40, and Lithia Motors was not required to specify in its response *why* it denied RFA No. 1, *Safeco Ins. Co.*, 181 F.R.D. at 447. Accordingly, Mr. Brown has not shown that Lithia Motors' objections are insufficient or that he is entitled to a further answer.

III.  CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Brown's Motion to Determine Sufficiency of Defendants' Responses to Requests for Admission and to Deem Matters Admitted Pursuant to FRCP 36(a)(6). Dkt. No. 38.

Dated this 10th day of June, 2025.

Lauren King
United States District Judge