1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL BROWN, | CASE NO. 2:24-cv-01861-LK |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER, SANCTIONS, AND ANCILLARY RELIEF |
| LITHIA MOTORS INC. et al., | |
| Defendants. | |

This matter comes before the Court on pro se Plaintiff Michael Brown's Motion for Protective Order, Sanctions, and Ancillary Relief. Dkt. No. 43. Defendant Lithia Motors, Inc. opposes the motion. Dkt. No. 47. For the reasons set forth below, the Court grants the motion in part and denies it in part.

## I.    BACKGROUND

Mr. Brown filed this matter in November 2024 and then filed an amended complaint on December 8, 2024 to correct the name of one of the Defendants. Dkt. Nos. 1, 10. The current Defendants are Lithia Motors, Inc.; Driveway Finance Corporation; Lithia of Bend #2 LLC; and Driveway Motors, LLC. Dkt. No. 10 at 1–2. Mr. Brown asserts the following claims arising out of

his attempt to purchase a Jeep Grand Wagoneer in 2023: breach of contract and the covenant of good faith and fair dealing; discrimination under the Equal Credit Opportunity Act and Consumer Credit Protection Act; unlawful denial of credit; unfair and deceptive business practices; unauthorized use of credit; breach of contract of the arbitration agreement; intentional, negligent, and reckless breach of fiduciary duty; conversion; and identity theft. Dkt. No. 10 at 3, 8–15.

On September 24, 2025, Mr. Brown filed this motion, contending that Defendants' counsel improperly disclosed the personally identifiable information ("PII") of a plaintiff in a separate lawsuit, causing Mr. Brown to be concerned about their handling of his own information. *See generally* Dkt. No. 43. In the other matter, *Kezer v. Lithia Motors Inc.*, 2:25-cv-00256-SAB (E.D. Wash. 2025) ("*Kezer*"),[1] Lithia Motors Inc. is represented Anthony R. Scisciani, III of HWS Law Group, *see* Dkt. No. 47 at 1; Defendants in this case are represented by Mr. Scisciani and two other HWS attorneys—Meredith Sawyer and Bonnie Jean Wolf.

The disclosure occurred in two ways. First, on July 30, 2025, defense counsel filed Mr. Kezer's unredacted PII in the public record with its amended answer in *Kezer. See Kezer*, Dkt. No. 5; *see also* Dkt. No. 43-3 at 6–8 (documents filed in *Kezer* containing Mr. Kezer's social security number, birth date, driver's license information, and financial information). Second, on the same day, defense counsel mistakenly emailed Mr. Brown the documents it filed as docket entry 5 in *Kezer*. Dkt. No. 49 at 1–2; *see also* Dkt. No. 43-2 at 1 (Mr. Brown's declaration stating that he received the documents unredacted and filed them in redacted form here)[2]; Dkt. No. 43-3 at 2, 6–8 (email mistakenly transmitting documents).

---

[1] Three days after filing this motion, Mr. Brown filed a Request for Judicial Notice asking this Court to take judicial notice of its own prior order, Dkt. No. 37, and docket entry 5 in the *Kezer* case. Dkt. No. 44 at 1. The Court's prior orders are already in the record, *see* LCR 10(e)(6), so the Court denies the motion as moot.

[2] Although Mr. Brown did not sign his declarations under penalty of perjury as required by 28 U.S.C. § 1746, *see* Dkt. Nos. 43-2, 50, the Court considers both declarations because he affirmed them under penalty of perjury in a later filed declaration, Dkt. No. 51. However, Mr. Brown is reminded that pro se litigants are subject to the same procedural

On August 23, 2025, Mr. Brown sent defense counsel a settlement proposal letter in which he notified them that they had sent him documents containing Mr. Kezer's PII. Dkt. No. 50 at 3; Dkt. No. 50-1 at 3, 5. Mr. Brown also alerted Mr. Kezer. Dkt. No. 50 at 2. Mr. Kezer then filed a Notice of Improper Disclosure, *see Kezer*, Dkt. No. 12, and on September 25, 2025, defense counsel filed a Motion to Redact, Seal and for Protective Order and offered to purchase a one-year credit monitoring subscription for him, *id.*, Dkt. No. 14. On October 23, 2025, the court in *Kezer* granted in part and denied in part the Motion to Redact, Seal and for Protective Order, struck and sealed Defendant's amended answer, ordered it to file an amended and redacted version, and took "no position on the issue of the inadvertent disclosure of personal information." *Kezer*, Dkt. No. 18.

Although Mr. Brown contends that defense counsel also improperly emailed him a copy of the joint status report it filed in *Kezer*, Dkt. No. 43-2 at 1; Dkt. No. 43-3 at 4, that document contains no PII, Dkt. No. 49 at 2; *Kezer*, Dkt. No. 8. Defense counsel notified Mr. Brown "within 6 minutes of counsel recognizing the mistake and 18 minutes of the e-mail being sent[ ]that the e-mail was not intended for him and that he should disregard it." Dkt. No. 49 at 2.

## II.    DISCUSSION

### A.    The Court Denies the Request for a Protective Order

Now concerned about his own privacy, Mr. Brown seeks an order requiring Defendants to implement "[p]rotective measures" including "encryption requirements, redaction protocols, sealing of PII-bearing filings, and screening by a discovery neutral." Dkt. No. 43 at 5. Defendants respond that the Court should deny the motion because Mr. Brown "has not demonstrated good

---

requirements as other litigants. *See Muñoz Gonzalez v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). In the future, the Court may not consider declarations that do not comply with 28 U.S.C. § 1746 or that are submitted after the time limits in Local Civil Rule 7(d).

1    cause for issuance of a protective order under Fed. R. Civ. P. 26(c) and has failed to meet and

2    confer in good faith prior to filing the instant Motion[.]" Dkt. No. 47 at 1.

3         A party seeking a protective order must include, with the motion, "a certification that the

4    movant has in good faith conferred or attempted to confer with other affected parties in an effort

5    to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1); *see also* LCR 26(c)(1). A

6    proper meet and confer "requires a face-to-face meeting or a telephone conference." LCR 26(c)(1);

7    *see also* LCR 1(c)(6). "If the movant fails to include such a certification, the court may deny the

8    motion without addressing the merits of the dispute." LCR 26(c)(1).

9         Mr. Brown states that he "has elected to not Meet and Confer" "[p]ursuant to" the Court's

10   Standing Order for All Civil Cases. Dkt. No. 43 at 7. But the section of the standing order he cites

11   does not excuse parties from the obligation to meet and confer prior to filing a motion for a

12   protective order; it excuses pro se parties from the requirement to meet and confer "prior to filing

13   a dispositive motion." Dkt. No. 5-1 at 4. A motion for a protective order is not a dispositive motion

14   because it does not dispose of the case or any claims, unlike motions for summary judgment and

15   motions to dismiss. *See, e.g.*, LCR 16(b)(5). The section of the Court's standing order that applies

16   to discovery motions requires a meet and confer: "Before filing a motion to compel or a motion

17   for a protective order, a party must make a good faith effort to meet and confer with the opposing

18   party." Dkt. No. 5-1 at 5. Because Mr. Brown did not meet and confer prior to filing this motion,

19   the Court denies his request for a protective order without addressing the merits. *See* LCR 26(c)(1).

20   **B.    The Court Denies the Request for Sanctions**

21        Mr. Brown requests that the Court sanction Defendants' counsel for the improper

22   disclosures pursuant to the Court's inherent authority. Dkt. No. 43 at 4. He notes that "[c]ourts

23   may impose sanctions—including disqualification—where cumulative conduct undermines the

24   integrity of proceedings." *Id.* Defendants respond that sanctions are unwarranted because its

1  actions were unintentional and they took "swift actions" to remedy the improper disclosures as

2  soon as they were made. Dkt. No. 47 at 5.

3        A federal court's inherent authority allows it to "to fashion an appropriate sanction for

4  conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S.

5  101, 107 (2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). And pursuant to

6  its inherent authority, a court may impose sanctions against a party or its attorney "if the court

7  specifically finds bad faith or conduct tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994

8  (9th Cir. 2001). Bad faith includes "when a party acts for an improper purpose" or willfully abuses

9  the judicial process. *Id.* at 992 (emphasis removed). However, a district courts "may not sanction

10  mere 'inadvertent' conduct," "mere recklessness," or "negligence" under its inherent authority. *Id.*

11  at 993–94.

12        Here, defense counsel's conduct in twice disclosing Mr. Kezer's sensitive information—

13  once to Mr. Brown and again in the public record in *Kezer*—was negligent, but it does not

14  constitute bad faith. Accordingly, the Court does not impose sanctions under its inherent authority.

15  **C.    The Court Grants the Request for Ancillary Relief in Part**

16        In addition to the relief discussed and denied above, Mr. Brown seeks "ancillary relief"

17  including 1) "[a] renewed admonishment of defense counsel for disregarding the Court's prior

18  warning (Dkt. 37), with the Court reserving the right to impose monetary or evidentiary sanctions

19  for any future violation"; 2) "[f]ee-shifting for the reasonable costs of bringing this motion";

20  3) "[r]eferral to disciplinary authorities and/or disqualification from this case for continued

21  misconduct, despite prior warnings"; and 4) "[a]ny further relief the Court deems just and proper."

22  Dkt. No. 43 at 6–7.

23        Mr. Brown notes that the improper disclosure "is not an isolated slip; when viewed against

24  the backdrop of the Court's prior admonishment, it reflects a troubling pattern of carelessness that

1   needlessly endangers litigants' privacy and undermines confidence in counsel's handling of

2   sensitive data, as Defendants have the same PII available to them regarding the Plaintiff." *Id.* at 2.

3   Mr. Brown is referring to the Court's prior Order in which it denied Mr. Brown's motion to

4   disqualify Defendants' counsel but noted that counsel's conduct fell "below the level of care,

5   accuracy, and compliance with applicable rules that the Court expects from attorneys practicing

6   before it." Dkt. No. 37 at 6. Specifically, the Court found that Defendants' counsel made three

7   mistaken representations in filings, misunderstood the service rules, and improperly requested

8   affirmative relief in a response brief. *Id.* at 4–6.

9        Defendants respond that Mr. Brown's motion "is premised on the fact that he did <u>not</u>

10  disregard the July 30, 2025 email, as requested." Dkt. No. 47 at 2–3. They also note that Mr. Brown

11  has not been personally harmed by the disclosures, and that "[t]he issue in the *Kezer* matter has

12  been resolved with agreement from Mr. Kezer[.]" *Id.* at 3.

13       Defendants' no harm, no foul response and attempt to shift responsibility to Mr. Brown for

14  calling out their improper disclosures are not well taken. As Defendants implicitly acknowledge

15  by offering to pay for credit monitoring for Mr. Kezer and his fiancée for a year, Dkt. No. 49 at 2,

16  the potential harm may not yet be realized. Regardless of whether Mr. Scisciani's filing of Mr.

17  Kezer's PII caused—or will cause—a concrete harm, he is an officer of the Court and responsible

18  for complying with all Court rules, including sealing and redaction rules intended to safeguard

19  litigants' sensitive information. *See* Fed. R. Civ. P. 5.2. Such rules are not mere formalities; they

20  are intended to protect litigants' privacy. As the Advisory Committee notes, Rule 5.2 was "adopted

21  in compliance with section 205(c)(3) of the E-Government Act of 2002, Public Law 107–347,"

22  which "require[d] the Supreme Court to prescribe rules 'to protect privacy and security concerns

23  relating to electronic filing of documents and the public availability . . . of documents filed

24  electronically.'" Fed. R. Civ. P. 5.2 advisory committee's note to the 2007 addition of the rule.

1    In addition to the two improper disclosures, Ms. Sawyer seems to have misrepresented the

2    sequence of events to this Court. In Defendants' response to this motion—which only Ms. Sawyer

3    signed—Defendants argue that "immediately upon receiving notice of the issue via an objection

4    from Mr. Kezer, counsel requested that the Court in the *Kezer* matter redact and then seal all

5    exhibits." Dkt. No. 47 at 2, 8; *see also id.* at 7 ("immediately upon receipt of notice from Mr. Kezer

6    that sensitive information had been filed in the *Kezer* matter, HWS counsel took appropriate (and,

7    again, immediate) action to ensure that the information was redacted and sealed"). These

8    statements suggest that counsel first learned of the issue from Mr. Kezer, and once notified, they

9    took immediate action. But as Mr. Brown points out, Dkt. No. 50 at 3, Mr. Brown notified Ms.

10   Sawyer and Mr. Scisciani on August 23, 2025 that they had sent him "legal filings" containing Mr.

11   Kezer's PII, Dkt. No. 50-1 at 3, 5 (letter to Mr. Scisciani and Ms. Sawyer identifying the docket

12   entry and page numbers of the PII publicly filed in *Kezer*), but Mr. Scisciani did not file a motion

13   to seal in *Kezer* until September 25, 2025, *see Kezer*, Dkt. No. 14. It is against this backdrop that

14   the Court considers Mr. Brown's requests for ancillary relief.

15       Despite the improper disclosures and misrepresentations to this Court, the Court declines

16   to disqualify counsel or refer them for discipline. In arguing for that relief, Mr. Brown relies on

17   Washington Rules of Professional Conduct 1.6 and 4.4(b), Dkt. No. 43 at 5, but it does not appear

18   that counsel violated either rule here. Although Mr. Scisciani's filing of Mr. Kezer's highly

19   sensitive information in *Kezer* violated Federal Rule of Civil Procedure 5.2 and Local Civil Rule

20   5.2, that conduct occurred before another court. And while the Court is concerned that Ms.

21   Sawyer—in Defendants' response brief—may have made false statements to this tribunal in

22   violation of the duty of candor in Washington Rule of Professional Conduct 3.3, this Court

23   previously found that disqualification of counsel was unwarranted on similar grounds, Dkt. No. 37

24   at 6. The Court finds that the additional conduct here does not warrant that "drastic remedy,"

1    *Matter of Firestorm 1991*, 916 P.2d 411, 416 (Wash. 1996), or discipline even when combined

2    with counsel's prior missteps.[3] Mr. Brown is not entitled to fee shifting either because he is

3    proceeding pro se and has not identified any fees (or expenses) he has incurred. *See, e.g.*, *Johnson*

4    *v. Williams*, No. 2:20-cv-01835-RFB-DJA, 2025 WL 2401323, at *3 (D. Nev. Aug. 1, 2025)

5    ("With respect to pro se litigants, including those that are licensed attorneys, the general rule is

6    that attorneys' fees are not a payable expense under Rule 37 as there is no direct financial cost or

7    charge associated with the expenditure of one's own time." (citation modified)).

8          This leaves Mr. Brown's request for "[a] renewed admonishment of defense counsel for

9    disregarding the Court's prior warning (Dkt. 37), with the Court reserving the right to impose

10   monetary or evidentiary sanctions for any future violation." Dkt. No. 43 at 6. The Court finds that

11   counsel's conduct in emailing Mr. Brown another plaintiff's PII, failing to promptly follow up

12   when he notified them (via a letter in this case) that the PII had been filed, and misrepresenting

13   facts in Defendants' response brief again falls well below the level of care, accuracy, and

14   compliance with applicable rules that the Court expects from attorneys practicing before it.

15   Consequently, the Court cautions Defendants' counsel Meredith Sawyer and Anthony Scisciani,

16   III that they, like all counsel appearing before the Court, are expected to be familiar with and abide

17   by all Court rules—including Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.2—as

18   well as the Washington Rules of Professional Conduct, and to take care to ensure that all filings

19   are accurate. *See, e.g.*, LCR 7(m) ("Parties are expected to file accurate, complete documents[.]");

20   LCR 83.3(a). Further noncompliance may result in the imposition of sanctions, the striking of

21   noncompliant filings, or referral for discipline, particularly if future filings contain inaccurate

22   statements. In sum, Mr. Brown's request for the above admonishment is granted.

23

24   _____
     [3] The Court notes that Ms. Sawyer was responsible for the issues the Court outlined in its prior order, Dkt. No. 37 at 4–6, while Mr. Scisciani—not Ms. Sawyer—represents Lithia in *Kezer*, Dkt. No. 48 at 1.

1

## III.  CONCLUSION

2     For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Mr.

3   Brown's Motion for Protective Order, Sanctions, and Ancillary Relief. Dkt. No. 43. The Court

4   denies his request for a protective order and for sanctions and grants in part his request for ancillary

5   relief.

6     Dated this 7th day of November, 2025.

7

8                                    Lauren King
                                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24